IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MATTHEW ISHAM                                                                                    PLAINTIFF

v.                                              4:24-cv-00321-KGB-JJV

MARTIN O'MALLEY,
Commissioner,
Social Security Administration,                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Matthew Isham has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 38-49.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young.  He was only thirty-four years old at the time of the administrative hearing.  (Tr. 67.)  He testified he earned his general education diploma and has past relevant work as a screen room operator.  (Tr. 25-26, 68.)

The ALJ[1] first found Mr. Isham met the disability eligibility requirements to apply for disability insurance benefits through March 31, 2022.  (Tr. 41.)  He has not engaged in substantial gainful activity since August 1, 2018 - the alleged onset date.  (*Id.*)  He has "severe" impairments

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

in the form of "depression, anxiety, attention deficit hyperactivity disorder, bipolar disorder, autism, post-traumatic stress disorder, and substance abuse disorder." (*Id.*) The ALJ further found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 41-43.)

The ALJ determined Mr. Isham had the residual functional capacity (RFC) to perform work at all exertional levels but was "limited to simple, repetitive work, and simple, work-related decisions. He can deal with changes in a routine work setting, but no work at a production-rate pace, for example no assembly-line work. The claimant is limited to occasional interaction with supervisors, coworkers, and the public." (Tr. 43.)

With the help of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments, (Tr. 95-), the ALJ determined that Plaintiff could perform his past relevant work as a kitchen helper. (Tr. 47.) In the alternative, the ALJ moved to Step 5 of the sequential analysis and concluded Plaintiff could also perform the jobs of day worker, laundry laborer, and cleaner. (Tr. 48.)   Accordingly, the ALJ determined Mr. Isham was not disabled. (Tr. 48-49.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 25-29.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Isham argues that the ALJ erred by failing to provide adequate analysis of supportability and consistency factors when finding the state agency psychological consultants partially persuasive. (Doc. No. 7 at 9-19.) Specifically, Plaintiff argues:

> Overall, the medical opinions of the SA consultants support additional limitations and casts doubt on the ALJ's RFC finding. The analysis provided by the ALJ is insufficient. If these opinions are indeed consistent with the overall record as stated by the ALJ, then why were none of these limitations adopted? The Plaintiff asserts

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

> that the ALJ's so called supportability analysis is improper and inadequate as it fails to shed any light as to why these limitations were not accounted for.

(*Id.* at 16.)

About these state agency doctors, the ALJ stated.

> The undersigned finds the state agency's psychological consultants, Dr. Kevin Santulli and Dr. Kay Cogbill, partially persuasive. They assessed that the claimant had moderate limitations in every "B criteria" domain except no limitations in understanding, remembering, and applying information, and that he would be limited to incidental interpersonal contact, and work with little judgment and simple, direct, and concrete supervision. This is consistent with the overall record noting some moderate, but nondisabling mental limitations. However, the residual functional capacity set forth above is better supported in the record than the state agency's (Exhibits 3A; 7A).

(Tr. 46-47.)

Claims filed after March 27, 2017, like Mr. Isham's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

As the ALJ acknowledged, Drs. Santulli and Cogbill "assessed that the claimant had moderate limitations in every 'B' criteria domain except no limitations in understanding, remembering, and applying information." (Tr. 46-47, 111-112, 141-142.) While Plaintiff disagrees, these limitations are fairly captured in the ALJ's RFC assessment. Specifically, the ALJ found that Plaintiff was limited to only simple, repetitive work, and making only simple, work-related decisions, with limited changes in a routine work setting and no work at a production-rate pace. Additionally, the ALJ limited Plaintiff to only occasional interaction with supervisors, coworkers, and the public. (Tr. 43.) While Plaintiff argues that the state agency doctors found greater limitations that those found by the ALJ, I disagree. The ALJ found Drs. Santulli and Cogbill found these limitations to be "consistent with the overall record noting some moderate, but nondisabling mental limitations." (Tr. 47.)

I also find Plaintiff's specific argument that the "RFC did not account for incidental contact and only limited Plaintiff to occasional interaction with supervisors, coworkers, and the public" to be without merit. I find this to be a distinction without a difference. Plaintiff misses the point here - Drs. Santulli and Cogbill both agree that Mr. Isham is not disabled.

Lastly, I read the ALJ's decision to say he found Drs. Santulli and Cogbill's findings to be persuasive, except for their RFC findings. (Tr. 46-47.) This finding is proper as it is the ALJ's province to determine a claimant's RFC. 20 C.F.R. § 416.946 (c); see also, *Renstrom v. Astrue*, 680 F.3d 1057, 1064–65 (8th Cir. 2012) (It is the province of the ALJ to weigh the medical opinions of record, formulate Plaintiff's RFC, and make the ultimate disability determination.).

There is substantial evidence to support the Commissioner's decision. Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d

255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel for both sides have done admirable work on behalf of their clients. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 29th day of July 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE